This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-plaintiff Mildred Chrin appeals from a judgment in favor of appellees-defendants the Village of Silver Lake; Ann Thudium, the mayor of the Village of Silver Lake; and Richard Fenwick, the service director of the Village of Silver Lake. This Court affirms.
 I.
On June 3, 1996, the Village of Silver Lake passed Ordinance 47-1996, which provided for the repair, replacement, and construction of public sidewalks. This ordinance authorized the director of public service to require property owners to repair or replace cracked or damaged sidewalks.
Another ordinance, Village of Silver Lake Ordinance 69-1996, required property owners to perform all necessary improvements by a given date and in accordance with specifications that had been prepared by the village engineer. If the improvements were not performed in a timely manner and in accordance with the specifications, the ordinance provided that the Village would make the improvements with an accompanying assessment against the property owners. The specifications that were eventually prepared by the engineer stated in part:
 Whole sidewalk blocks may be repaired by slab-jacking, regrading below the block and resetting. All fill below the repaired block shall be granular material. No partial blocks may be repaired.
(Emphasis added.)
The sidewalks abutting Chrin's property were inspected and some of the blocks were found to be defective. Specifically, some of the blocks contained multiple cracks or a single crack larger than one half inch. When Chrin was informed that her sidewalk was in need of improvement, she elected to perform the improvements herself.
For aesthetic reasons, Chrin desired to repair her cracked sidewalk blocks herself, rather than have them replaced with concrete. Chrin initially attempted to repair the cracked blocks by filling in the cracks with a concrete base product. Chrin did not obtain prior approval from the Village for this method of repair. The Village subsequently informed Chrin that this method of repair was not acceptable, asserting that the cracked blocks were partial blocks that had to be replaced, not repaired.
Next, Chrin obtained an extension of time and executed an escrow agreement with the Village whereby Chrin placed $1,020 into escrow and agreed to repair or replace her sidewalks in accordance with the specifications. The agreement provided that if the improvements were not fully performed by a given date, the Village could use the escrowed funds to perform the improvements and could bill Chrin for any expenses in excess of the escrowed funds.
Thereafter, Chrin and her two sons used a masonry structural repair epoxy to bond the cracks in the sidewalk blocks. Chrin then requested that the Village approve the work and release the escrowed funds. Chrin asserted that she had now replaced the cracked blocks with whole blocks in accordance with the specifications because the epoxy bond had formed a single block from the two halves of the cracked blocks. Chrin claimed that the epoxy bond would last as long as the stone itself and that there were no additional cracks in the bonded blocks.
Nevertheless, on May 16, 1997, the Village informed Chrin that her repairs did not comply with the specifications and that it would remove the defective sidewalk blocks and replace them with concrete blocks. Three days later Chrin filed the small claims complaint that is the subject of this appeal requesting the immediate return of the escrowed funds, plus interest, attorneys' fees, and court costs.
The small claims case was tried to a magistrate and the magistrate found in favor of the defendants. Although Chrin elicited testimony from a representative of the company that produced the epoxy to the effect that the epoxy bond was permanent and very strong, the defendants submitted evidence showing that the epoxy bond was actually beginning to crack, that the epoxy bond was beginning to pull or crack away from the stone, and that there were new cracks in the stone. Based on this evidence the magistrate concluded that the testimony "that use of the epoxy results in a monolithic block, as if it were solid stone, is not credible and, thus, given no weight." The magistrate ultimately concluded that "there is nothing arbitrary, capricious, or improper in the Village's position that, under the sidewalk repair program at issue, a cracked sidewalk block is a partial block and that partial blocks must be replaced and not repaired." Additionally, the magistrate stated that even if it had been permissible to repair the sidewalk blocks at issue, "it is clear that despite her best intentions and exhaustive efforts, [Chrin] has failed to repair and/or replace the blocks in question with the epoxy bond."
Chrin also alleged that other property owners had had similar repairs approved by the defendants. The magistrate rejected this argument, noting simply that Chrin "has not proved that allegation."
Chrin objected to the magistrate's decision, but the trial court overruled her objections and adopted the magistrate's decision. Chrin appeals and raises numerous assignments of error which have been rearranged to facilitate our discussion.
 II.
Before addressing Chrin's substantive allegations, this Court finds it necessary to clarify the contents of the record on appeal.
Initially, Chrin failed to support her objections to the magistrate's decision with a transcript of the magistrate's proceedings or an affidavit of the evidence pursuant to Civ.R. 53(E)(3)(b). However, Chrin claims that at the objections hearing she offered a partial transcript of the magistrate's proceedings into evidence and attempted to present additional evidence, but the trial court would not accept the transcript or hear the additional evidence. In that regard, Chrin's third assignment of error states:
 The municipal court erred in not accepting a partial transcript pursuant to Civ.R. 53(E)(3)(b) and disallowing a brief presentation at the objection hearing.
"When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199. Therefore, absent a transcript of the objections hearing, the only evidence in the record regarding Chrin's alleged attempt to submit a transcript of the magistrate's proceedings and additional evidence is the statement of the trial court that "[t]he objecting party has failed to provide the Court with a transcript or affidavit in accordance with Civ. R. 53(B)(3)(b) [sic], nor has there been any additional evidence provided in accordance with Civ. R. 53(E)(4)(b)." Under those circumstances, this Court would be forced to presume that the trial court was correct.
It appears that the objections hearing was recorded on audio tapes by the trial court. As such, these tapes must be transcribed into written form in order to be included in the record on appeal. App.R. 9(A). In order to do so, the appellant must request that the official court reporter prepare the transcript and certify its accuracy pursuant to App.R. 9(B) or, "[i]f there is no officially appointed reporter, App.R. 9(C) or 9(D) may be utilized." App.R. 9(B). In the instant case, there does not appear to have been an officially appointed court reporter. Therefore, Chrin was required to utilize App.R. 9(C) or 9(D) in order to have the contents of the objections hearing included in the record on appeal.
In that regard, Chrin supplied the trial court with an App.R. 9(C) statement that consisted of a transcript of the hearings below that she had transcribed from the audio tapes. The trial court, however, refused to settle or approve Chrin's App.R. 9(C) statement. Chrin has not filed a petition for a writ of mandamus to compel the trial court to settle or approve her App.R. 9(C) statement and has not otherwise challenged the trial court's refusal to do so. Therefore, because Chrin has failed to obtain a settlement or approval of her App.R. 9(C) statement, it is not properly a part of the record on appeal and cannot be considered by this Court. Ihle v. Witherall (May 26, 1999), Lorain App. No. 98CA007023, unreported; U'Ren v. Visocky (July 8, 1998), Medina App. No. 2728-M, unreported; State v. Barr (Mar. 6, 1996), Summit App. No. 17342, unreported; Neruda v. New Vision Builders, Inc.
(Aug. 16, 1995), Lorain App. No. 94CA006024, unreported.
As noted above, without a transcript of the objections hearing, this Court must accept the trial court's assertions that Chrin did not offer a transcript of the magistrate's hearing or any additional evidence at the objections hearing. As such, Chrin's third assignment of error is not well taken.
Additionally, Civ.R. 53(E)(3)(b) states in part that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." Therefore, because Chrin did not properly support her objections to the magistrate's decision with a transcript of the magistrate's proceedings or an affidavit, she is precluded from challenging the magistrate's findings of fact. As such, in regard to Chrin's remaining assignments of error, this Court will only address those assignments of error that allege errors of law and will presume that the magistrate's findings of fact were correct.
 III.
Because Chrin is precluded from challenging the magistrate's findings of fact, her sixth, eighth, tenth, and eleventh assignments of error are not well taken.
 IV.
Chrin's first assignment of error states:
 The trial court erred in not correcting obvious incorrect conclusions of law in the magistrate's order in deference to Civ. R. 53(E)(4)(a), and despite objections to the magistrate's finding of law having been raised in the Plaintiff's written objections.
This Court discerns two substantive issues that have been raised by Chrin's arguments under this assignment of error. One issue is whether the epoxy bond constitutes a repair or a replacement within the meaning of the specifications. Another issue is whether the specifications permitted Chrin to repair the cracked blocks or required that they be replaced.
Initially, Chrin argues that the terms of the escrow agreement, not the specifications, govern the outcome of this case. Regardless, the escrow agreement required Chrin to improve her sidewalk in accordance with the specifications. As such, Chrin is required to comply with the specifications even if the escrow agreement is applied.
In regard to whether the specifications permitted a repair or required a replacement, Chrin argues that the "specifications permit discretionary approval of partial block repairs." However, the specifications do not permit discretionary approval of partial block repairs, they only permit approval of partial blockreplacements: "Replacement of partial sidewalk blocks may be permitted upon approval." (Emphasis added.) Additionally, the specifications specifically provide that "[n]o partial blocks may be repaired." (Emphasis added.) As such, the specifications unambiguously require all partial blocks to be replaced, not repaired.
In regard to whether the use of the epoxy constituted a repair or a replacement, Chrin argues that using the epoxy to bond the partial blocks together into "a single whole block" constituted a replacement. Chrin summarizes her argument as follows:
 Common sense would say that a new single whole object can be produced by bonding two pieces together using some physical connection method. If one glues two pieces of wood together, has not a new, single piece of wood been created? If a single piece of wood has cracked into two separated pieces * * *, then does not gluing the pieces together restore the single piece to wholeness?
Contrary to the arguments of Chrin, Webster's Third New International Dictionary (1993) defines repair as "to restore by * * * putting together what is torn or broken," id. at 1923, and defines replace as "to put in place of : provide a substitute or successor for," id. at 1925. According to these definitions, the epoxy bond constituted a repair, not a replacement — Chrin restored a broken sidewalk block by bonding its pieces together, she did not provide a substitute to take its place. As such, this Court holds that the epoxy bond constituted a repair, not a replacement, within the meaning of the defendants' specifications.
Chrin's first assignment of error is not well taken.
 V.
Chrin's second assignment of error states: "The court's principal finding of fact is not relevant to the question before the court." Chrin argues that the magistrate's conclusion that the epoxy bond was cracking and that new cracks were developing in the sidewalk block was "not relevant in determining if the Village provided just cause in not returning the escrow funds." Chrin argues that they were not relevant because the cracks were not discovered until long after the Village had already rejected the epoxy bond and Chrin had filed the instant suit. Chrin asserts that "[i]t is apparent that had the magistrate found the blocks not to be `cracked', the magistrate would have ruled in the plaintiff/appellant's favor."
Chrin's seventh assignment of error is similar to her second assignment of error. It states:
 The trial court erred in accepting evidence and testimony from the defendants concerning the condition of the plaintiff's sidewalk that was well after the repair work was completed.
Chrin argues that the appellees-defendants should have been limited to arguing only those reasons for rejecting the epoxy bond that had been offered prior to the June 1, 1997 deadline that was set forth in the escrow agreement. Chrin argues that the trial court should have excluded any evidence that was gathered after that date that depicted cracking in the epoxy bond.
Civ.R. 53(E)(3)(b) states in part that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Chrin's second and seventh assignments of error were not raised in Chrin's objections to the magistrate's decision. As such, they have been waived pursuant to Civ.R. 53(E)(3)(b).
 VI.
Chrin's fourth assignment of error states: "The trial court erred by not accepting plaintiff's physical evidence directly contradicting the court's findings." Chrin complains herein about the magistrate's refusal to retain custody of a sample of an epoxy bonded stone sidewalk block measuring four square feet that had been admitted into evidence. Chrin argues that this sample directly contradicts the magistrate's factual findings of cracking in and around the bond. Chrin claims that "[t]he trial court has ignored this evidence. The appellant believes that if the trial court had maintained custody of this exhibit, it would have been unlikely to have been ignored."
This assignment of error was not raised in Chrin's objections to the magistrate's decision. As such, it has also been waived. Civ.R. 53(E)(3)(b).
 VII.
Chrin's fifth assignment of error states:
 The magistrate erred in form or content in providing the layman plaintiff instruction on the small claims objection procedure and hearing that was inconsistent with the judge's expectations at the objection hearing.
Chrin argues that because she was instructed by the magistrate that small claims procedures were informal, she was not prepared to comply with Civ.R. 53 when the trial court subsequently required her objections to comply with that rule. However, Chrin's claims are unsupported by the record. Without a transcript of the magistrate's proceedings this Court cannot tell what the magistrate actually told Chrin. As such, this Court has nothing to pass upon and must presume the validity of the lower court's proceedings. Knapp, supra. This assignment of error is not well taken.
 VIII.
Chrin's ninth assignment of error states:
 The judge erred in making "monolithic" pieces of stone sidewalk a point of law and in crafting contrary to the actual physical condition of the evidence a definition designed to support the magistrate's findings of fact.
Chrin argues that the specifications do not require blocks to be "monolithic," therefore, the trial court should not have relied on the term "monolithic" in making its decision. However, Chrin admits that she "consistently used monolithic as an adjective to describe the whole blocks as like a monolith but never claiming that they were a monolith, just that they were whole." Therefore, when the trial court refused to find the epoxy bonded block to be "monolithic," it was merely addressing Chrin's argument that the block was "monolithic," which does not elevate "monolithic" to a point of law. This assignment of error is not well taken.
 IX.
Chrin's twelfth assignment of error alleges several different errors and argues that their combined effect was sufficiently prejudicial to require a reversal.
First, this Court will address Chrin's specific allegations individually in order to determine whether the trial court actually committed the alleged errors. If any errors were committed, this Court will then determine whether their combined effect was sufficiently prejudicial to require a reversal.
 A.
1. "Erroneous Civil Rule 53 references[.]"
Under this section Chrin complains that the trial court erroneously stated that "[t]he objecting party has failed to provide the Court with a transcript or affidavit in accordance with Civ. R. 53(B)(3)(b) [sic]." (Emphasis added.) Chrin correctly notes that there is no Civ.R. 53(B)(3)(b). However, it is clear that the trial court was referring to Civ.R. 53(E)(3)(b).
2. "Audio tape of proceedings copying errors[.]"
Under this section Chrin claims that the recordings of the magistrate's proceedings were deficient and required exceptional efforts on her part to transcribe. However, because the recordings have not been included in the record on appeal, this Court has nothing to pass upon and must presume the validity of the lower court's proceedings. Knapp, supra.
3. "Trial court errors in due diligence"
Under this section Chrin alleges three separate errors. First, Chrin complains that the epoxy bonded sidewalk block exhibit was improperly referred to as a "slab of concrete." Second, Chrin complains that the trial court's discussion of cracks in the epoxy and the term "monolithic" was irrelevant to the case. Third, Chrin complains that the trial court failed to rule on whether an actual epoxy bonded sidewalk block should be included as part of the record.
App.R. 12(A)(2) states:
 The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A).
App.R. 16(A) states:
 The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
* * *
 (7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.
In her brief, Chrin does nothing more than restate these three alleged errors without any separate argumentation containing her contentions as to why these allegations constitute error or how these alleged errors prejudiced her case. As such, they will be disregarded.
 4. "Trial court never commented on the appellant's analysis of destruction of value and architectural ordinance 13-1997."
This Court can find no reference to "architectural ordinance 13-1997" in Chrin's objections to the magistrate's decision. Therefore, there is nothing in the record to indicate that Chrin had raised this issue in her objections. As such, it has been waived. Civ.R. 53(E)(3)(b).
 5. "Trial court erred in not commenting on the statistical analysis of the sidewalk inspections."
Once again, Chrin's failure to provide a proper transcript of the magistrate's proceedings undermines this allegation. As noted by Chrin, neither the magistrate nor the trial court made any reference to a "statistical analysis." As such, without a transcript showing that Chrin actually presented the magistrate with a "statistical analysis," this Court has nothing to pass upon and must presume the validity of the lower court's proceedings.Knapp, supra.
 6. "Trial court erred in denying motion for supplementing the record via affidavit."
 7. "Trial court erred in limiting the plaintiff's presentation time."
9. "The trial court erred on cross examination issues."
In regard to these three alleged errors, because Chrin failed to include a transcript of the proceedings in the record on appeal, this Court has nothing to pass upon and therefore has no choice but to presume the validity of the lower court's proceedings. Knapp, supra.
 8. "The trial court erred in making `discriminatory enforcement' an issue not as the plaintiff had intended."
In relation to this allegation, Chrin argues that she never raised the issue of "discriminatory enforcement." Instead, Chrin claims that she,
 merely presented evidence showing clearly inferior and unsafe sidewalk blocks being allowed to exist such as (plaintiff exhibit 1, photographs B, C, D, E, M and N) while the appellant's blocks as shown in photographs G, H and I somehow had to be "teared out and replaced with concrete." The inconsistency of allowing sidewalk blocks such as B to E while not allowing G and H is obvious and becomes clouded when the court suggests a burden of proving discriminatory enforcement.
If Chrin did not intend to argue that the sidewalk ordinance was being enforced in a discriminatory manner, then this Court is at a loss as to what Chrin did intend to argue. As such, this Court cannot say that the magistrate and the trial court erred by construing Chrin's arguments as a claim of discriminatory enforcement.
 B.
In summary, Chrin's twelfth assignment of error only raises one potential error: the trial court's incorrect citation to the Civil Rules. This mere typographical error is insufficient to warrant a reversal. Assignment of error number twelve is also not well taken.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ DONNA J. CARR
 FOR THE COURT
BAIRD, P.J., SLABY, J.
CONCUR